ADAM GORDON
United States Attorney
BLANCA QUINTERO
Assistant United States Attorney
CA Bar No. 196889
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7118
Email: Blanca.Quintero2@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

Plaintiff,

v.

BLANCA CARDENAS et al.,

Defendants.

Case No. 26-CR-02236-AGS

JOINT MOTION FOR PROTECTIVE ORDER

The parties jointly move the Court to issue a protective order regarding discovery, pursuant to: Federal Rules of Criminal Procedure 6(e)(2)(B) and 6(e)(3)(E)(i) pertaining to disclosure of grand jury materials; Rule 16(d)(1) pertaining to regulation of criminal discovery; 45 CFR § 164.512 pertaining to disclosure of protected health information, and General Order No. 514 of the United States District Court for the Southern District of California ("General Order No. 514") pertaining to personal identifying information. This motion is based upon the files and records of this case and the points and authorities set forth below.

///

///

## I
## MOTION FOR PROTECTIVE ORDER

On June 11, 2026, a federal grand jury in the Southern District of California returned a ten-count indictment charging Defendants with conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349, and nine substantive counts of health care fraud, in violation of Title 18, United States Code, Section 1347. Defendants were also charged with criminal forfeiture.

Defendant Raquel Pasillas was arrested on June 12, 2026, and Defendant Blanca Cardenas was arrested on June 13, 2026. At Defendant Pasillas' detention hearing on June 18, 2026, the court set conditions of release and Defendant Pasillas was ultimately released on bond. On the same date, Defendant Cardenas was ordered detained and remains in custody.

The indictment charges Defendants with conspiracy to commit health care fraud, and nine substantive counts of health care fraud involving the billing of fraudulent claims to Medicare for medical services, primarily the application of allograft skin substitutes and chronic wound care, through two mobile medical service companies owned and/or operated by Defendants. Specifically, the indictment alleges that during the commission of the charged offense, Defendant Cardenas, a nurse practitioner at the time, was serving a federal custodial sentence on a prior bulk cash smuggling conviction, and conspired with her daughter, Defendant Pasillas, to fraudulently bill Medicare for services provided by Defendant Pasillas when Defendant Pasillas had no medical license to provide the medical services, and the purported rendering provider listed on the claims submitted to Medicare, was Defendant Cardenas who was in federal custody.

The United States further proffers that in light of the charges against Defendants and additional criminal conduct turned up in the investigation, the discoverable material contains sensitive medical, financial, and personal information involving individuals, including the patients who received medical services by the two mobile medical service companies owned and/or operated by Defendants.

This Court has the power to issue "Protective and Modifying Orders" regulating discovery pursuant to Federal Rule of Criminal Procedure 16(d)(1). Specifically, "A[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d). *See also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect. . . . We would not expect the district courts to permit the parties or counsel to take these orders lightly.").

The issuance of a protective order is an appropriate balance between the need to comply with statutory and constitutional discovery obligations, and to protect sensitive medical, financial, personal, and case-related information that should be safeguarded and limited in distribution.

## A. MOTION TO PERMIT DISCLOSURE OF GRAND JURY MATTERS

Federal Rule of Criminal Procedure 6(e) prohibits an attorney for the government from disclosing a matter occurring before the grand jury. As part of its statutory and Constitutional obligations to provide discovery in this case, the government may be required to disclose such matters to defendants. This may include records, account subscriber information, patient files, documents, and testimony. The government hereby moves for authorization to disclose grand jury matters "preliminarily to or in connection with a judicial proceeding" (Rule 6(e)(3)(E)(I)). Nothing in this motion or in the Court's authorization should be construed as enlarging the government's discovery obligations or creating any right to material not otherwise discoverable, or be taken as a concession that, *inter alia*, pre-existing business records constitute grand jury material.

///

///

///

///

///

**B. MOTION TO PERMIT LIMITED DISCLOSURE OF CERTAIN PROTECTED HEALTH INFORAMTION**

The Health Insurance Portability and Accountability Act of 1996, known as "HIPAA," safeguards the privacy of patient information. It generally prohibits "covered entities"[1] from disclosing certain "individually identifiable health information"[2], absent an exception. Here, because the United States Attorney's Office is not a covered entity as defined in HIPAA, the prohibitions contained therein do not technically apply to production of discovery to the defense. However, the policy concerns about patient privacy that prompted enactment of HIPAA remain important. HIPAA allows for disclosure in judicial proceedings if ordered by a Court. *See* 45 CFR § 164.512. In this case, among other items, the discovery includes claim files describing patient diagnoses and treatments. By way of analogue, then, and consistent with the goal of protecting the privacy of health information, the United States seeks that the Court order the disclosure of the health information contained in the discovery to the defense, and limit any further dissemination and use of this information.

///

///

///

---

[1] "Covered entities" is defined in 45 CFR § 160.103 as: a health plan, a health clearinghouse, and a health care provider who transmits any health information in electronic form.

[2] "Individually identifiable health information" consists of demographic information collected from an individual that: (1) Is created or received by a health care provider, health plan, employer, or health care clearinghouse; (2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and (i) That identifies the individual; or (ii) With respect to which there is a reasonable basis to believe the information can be used to identify the individual. 45 CFR § 160.103.

**C. OTHER PERSONAL INFORMATION**

To "protect personal privacy of litigants," the Court's own General Orders 514, 514-A, 514-B, and 514-C prohibits the disclosure of the following "personal information": a) Social Security Numbers, b) names of minor children, c) dates of birth, d) financial account numbers, and e) in criminal cases, the home address of any individual. These orders, which are essentially blanket protective orders, also support the United States' motion here that a protective order should be issued.

**D. INVESTIGATIVE PLEADINGS SUBMITTED UNDER SEAL**

In order to meet its discovery obligations and allow defendants to file any challenges they choose to raise, the United States moves to unseal the search warrants, court orders, and other pleadings filed under seal during the investigation of this matter. Any further dissemination of those materials, including reference in motion practice, should be governed by this Court's General Orders and this Protective Order.

**E. PROVISIONS OF PROPOSED PROTECTIVE ORDER**

For the reasons set forth above, the United States respectfully requests that the Court enter the Protective Order Regarding Discovery submitted herewith. The protective order seeks that the Court:

1. Authorize disclosure of grand jury matters to the defense team (co-counsel, paralegals, investigators, litigation support personnel, the defendant, experts, and secretarial staff), preliminarily to or in connection with a judicial proceeding" pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i).

2. Order that discovery produced by the United States in this case be used by the defense team solely in this case, for investigation, litigation of motions, preparing for trial, trial, and any appeals, and for no other purpose, including civil actions, regulatory proceedings, or
other criminal cases.

3. Prohibit the members of each defense team from distributing, disseminating, disclosing or exhibiting discovery materials to any person who is not a

part of that defense team for any purpose other than preparing a defense of this case; including, unless such material is already a matter of public record, to representatives of the media or other third parties not involved in any way in the investigation or prosecution of the case.

4. Order the defense team to take all reasonable steps to: (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery produced in this case from disclosure to or review by any third party.

5. Unseal, for purposes of providing to defense in discovery, pleadings filed during the investigation of this matter.

6. Authorize the defense team to show trial witnesses discovery materials as necessary for the preparation of the defense, but not to give copies of the materials to witnesses absent further order of the Court.

7. To the extent that the any of the criminal discovery materials contain any individual's personal information, within the meaning of General Order 514, or individually identifiable health information, within the meaning of HIPAA, require that any public filings or public hearing referencing or containing said materials be redacted to prevent public disclosure of such information.

8. Order that, if defense counsel withdraws or is disqualified from participation in this case, the defense team shall return any discovery produced pursuant to the Protective Order to the United States within 10 days.

9. Order the defense team to return any and all copies of the discovery to the United States within 90 days of the conclusion of the proceedings in the above referenced case, including any appeal.

10. Order each counsel of record to: sign and file a copy of this Protective Order, acknowledging its terms and agreeing to comply with them; ensure that every member of his/her defense team is advised of the Order and agrees in writing to be bound by its terms; and maintain orders signed by each member of the defense team before giving that individual access to the discovery.

///

**II**

**CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court issue the proposed Protective Order prohibiting each defendant's defense team from disclosing discovery material except as otherwise permitted in the Order.

ADAM GORDON
United States Attorney

DATED: July 6, 2026

*s/ Blanca Quintero*
BLANCA QUINTERO
Assistant U.S. Attorney

DATED: July 6, 2026

*s/Cindy Vanessa Muro (email authority)*
CINDY VANESSA MURO
Attorney for Defendant Blanca Cardenas

DATED: July 6, 2026

*s/Gerard Jeffrey Wasson (email authority)*
GERARD JEFFREY WASSON
Attorney for Defendant Raquel Pasillas