ADAM GORDON
United States Attorney
BLANCA QUINTERO
Assistant United States Attorney
California Bar No. 196889
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7118
Email: Blanca.Quintero2@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BLANCA CARDENAS (1),<br>aka Blanca Cardenes,<br>aka Blanca Cesena,<br>aka Blanca Lopez,<br>aka Blanca E. Cardenas,<br>aka Blanca Estela Cesena Vargas,<br>aka Blanca Estela Cesena,<br>aka Blanca Estela Lopez,<br>RAQUEL PASILLAS (2),<br>aka Raquel Cardenas,<br><br>Defendants. | Case No.: 26-CR-02236-AGS<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT BLANCA CARDENAS' MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS**<br><br>**UNITED STATES' LOCAL RULE 16.1a STATUS REPORT**<br><br>**UNITED STATES' MOTIONS FOR (1) RECIPROCAL DISCOVERY AND (2) LEAVE TO FILE FURTHER MOTIONS** |

**UNITED STATES' RESPONSE IN OPPOSITION AND**

**LOCAL CRIMINAL RULE 16.1a STATUS REPORT**

The United States submits its response in opposition to Defendant's motions to compel discovery and for leave to file further motions (ECF No. 30), as well as its Local Criminal Rule 16.1a Status Report.

## I. BACKGROUND AND STATEMENT OF CASE

On June 11, 2026, a federal grand jury in the Southern District of California returned a ten-count indictment charging Defendants Blanca Cardenas and Raquel Pasillas with conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349, and nine substantive counts of health care fraud, in violation of Title 18, United States Code, Section 1347. Defendants were also charged with criminal forfeiture.

The charges against Defendants involved the billing of fraudulent claims to Medicare for medical services, primarily the application of allograft skin substitutes and chronic wound care, through two mobile medical service companies owned and/or operated by Defendants. During the commission of the charged offense, Defendant Cardenas, a nurse practitioner at the time, was serving a federal custodial sentence on a prior bulk cash smuggling conviction, and conspired with her daughter, Defendant Pasillas, to fraudulently bill Medicare for services provided by Defendant Pasillas when Defendant Pasillas had no medical license to provide the medical services, and the purported rendering provider listed on the claims submitted to Medicare, was Defendant Cardenas who was in federal custody. During the four months of Defendant Cardenas' federal custodial time, Defendants billed Medicare in excess of $9.5 million, and Medicare paid in excess of $4.5 million.

Defendant Pasillas was arrested on June 12, 2026, and Defendant Cardenas was arrested on June 13, 2026. At Defendant Pasillas' detention hearing on June 18, 2026, the court set conditions of release for Defendant Pasillas, who was ultimately released on bond. On the same date, Defendant Cardenas was ordered detained and remains in custody.

## II. LOCAL CRIMINAL RULE 16.1a STATUS REPORT

The United States has a significant amount of discovery to produce in this case and is awaiting the court's signed protective order to produce discovery. These materials include bank, medical, and financial records; investigative reports; arrest records; search warrant materials, phone subscriber and toll records, emails, bodycam footage, and jail calls, among other evidence. The United States will also be producing surveillance photos,

reports, and other materials requested by the defense in this case. The materials have been indexed, processed to be text-searchable where feasible, and are well-organized into categories. The United States anticipates producing the discovery immediately after filing of the protective order.

As described in further detail below, the United States has not received any reports of scientific examinations, tests, or experiments. The United States will continue to comply with its obligations under Rule 16, *Brady v. Maryland*, 383 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 105 (1972). As the United States compiles additional discovery materials, it will continue to produce such materials on a rolling basis to the defense.

Local Criminal Rule 16.1a requires the Parties to agree upon a timetable for the production of several categories of discovery that are not relevant to this case, including "the Alien Registration File, body-port-or remote cam video, car/vehicle inspection, and DEA drug reports." None of these categories of materials have been collected as part of this investigation. We have, however, requested any available port-of-entry videos of co-defendant Cardenas' arrest given that she was arrested at the port-of-entry. With respect to cell phone extraction data, the United States is looking into bypassing the pin-locks to the cell phone that was seized from Defendant at the time of her arrest. The United States will produce the extraction reports and any unencrypted data obtained from such extractions (if any).

## III. <u>THE COURT SHOULD DENY DEFENDANT'S MOTIONS</u>

The United States recognizes its discovery obligations and will continue to meet them and produce all discovery to which Defendant is entitled under the United States Constitution, Federal Rules of Criminal Procedure 12 and 16, the Jencks Act, and the common law, including *Brady*, 373 U.S. 83 (1963) and *Giglio,* 405 U.S. 150 (1972). The United States will also conduct a *Henthorn* inquiry if the case does not resolve. The investigation of this case is still ongoing and the United States will continue to produce

discovery as it becomes known and available. Further, counsel will meet and confer as necessary to resolve any discovery disputes that arise.

The United States responds to Defendant's itemized requests as follows:

**1. Defendant's Statements**

The United States has produced, or will be producing shortly, documents responsive to this request, including arrest reports, investigative reports, port-of-entry videos, agent notes, and jail calls, among other documents and evidence.

The United States is unaware of additional documents containing the substance of any relevant oral statement made by Defendant, before or after arrest, in response to interrogation by a person Defendant knew was an agent for the United States, and that the United States intends to use at trial, which has not yet been produced or will be produced.

If there is a specific document containing the substance of any relevant oral statement made by Defendant that has not been produced, the United States invites the defense to specify the document or documents missing from the productions. The United States complied with this request and produced documents containing.

**2. *Brady* Material**

The United States recognizes its obligations under *Brady*, 373 U.S. 83 (1963) and *Giglio*, 405 U.S. 150 (1972) to provide evidence that is either exculpatory or could be used to impeach witnesses called by the United States, including material information about bias. This obligation extends to evidence that is not requested by the defense. *United States v. Bagley*, 473 U.S. 667, 682 (1985). "Evidence is material, and must be disclosed [under *Brady*], 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Carriger v. Stewart*, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995).

The United States has and will continue to disclose exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment or

information that may result in a lower sentence under the Guidelines or Section 3553(a). The United States incorporates this response to each item addressed in this opposition.

But the United States will not open all of its files for discovery. *Brady* does not require the United States to produce information in the custody, control, or possession of all government agencies. *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989); *United States v. Henke*, 222 F.3d 633, 642-44 (9th Cir. 2000) (per curiam). The United States is also not required to disclose: (1) neutral, irrelevant, speculative, or inculpatory evidence (*see United States v. Smith*, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to Defendant from other sources (*see United States v. Bracy*, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that Defendant currently possesses (*see United States v. Mikaelian*, 168 F.3d 380, 389-90 (9th Cir. 1999), *amended by* 180 F.3d 1091); or (4) evidence the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge of or control over (*see United States v. Hanson*, 262 F.3d 1217, 1234-35 (11th Cir. 2001)).

Further, *Brady* does not require the United States to "create exculpatory evidence that does not exist" (*United States v. Sukumolahan*, 610 F.2d 685, 687 (9th Cir. 1980)), but only that it "supply a defendant with exculpatory information of which it is aware" (*United States v. Flores*, 540 F.2d 432, 438 (9th Cir 1976). At this time, the United States is not aware of outstanding exculpatory evidence to produce.

**3. Arrest Reports and Notes, etc.**

The United States produced the reports and notes pertaining to Defendant's arrest. The United States has produced numerous investigation reports in discovery, and will continue to provide them on a rolling basis if and when new reports are generated throughout the course of the case.

**4. Evidence seized**

The United States produced documents responsive to this request, including arrest reports, investigative reports, photos of the seized car, and search warrant affidavits and related materials.

If there is a specific document reflecting an item of seized evidence that has not been produced, the United States invites the defense to specify the document missing from the productions to ensure a complete production.

**5. Request for Preservation of Evidence and Evidence Seized**

The United States will continue to preserve rough notes and documents covered by the Jencks Act and Defendant's seized cell phones. The United States objects to preserving Defendant's personal effects. A court order requiring preservation of a general category of documents is unnecessary at this time. Defendant has not specifically identified documents covered by the Jencks Act that she wants preserved or produced, but the United States invites the defense to identify such documents to ensure preservation of those items.

Further, the United States produced discovery relating to Defendant's arrest, including photos, reports, and other items. Defendant has not specifically identified what items she wants preserved or produced for inspection, but the United States invites the defense to identify such documents to ensure both preservation and a complete production.

**6. Evidence Material to Preparing the Defense or To Be Used in Government's Case-in-Chief**

Defendant requests disclosure of evidence material to the "preparation of the defense or intended for use in the government's case-in-chief, or were obtained from or belong to Ms. Cardenas." The United States has and/or will comply with its Rule 16 discovery obligations. Defendant's request overstates the United States' obligation under Rule 16 and should be denied and/or limited to that which is actually covered by Rule 16.

**7. Proposed 404(b) Evidence**

The United States will provide notice of any proposed 404(b) evidence that it intends to introduce at trial prior to the date to file motions in limine.

**8. Expert Witnesses**

The United States is aware of its obligations under Federal Rule of Criminal Procedure 16(a)(1)(G). It plans to provide notice of its intent to introduce expert opinions or testimony, and a written summary of the bases of those opinions, under Rules 702, 703,

and 705, reasonably in advance of trial or in accordance with a deadline set by the Court. The United States is agreeable to the two-week timeline (prior to trial) indicated by the Defendant for the notice of expert testimony.

**9. Evidence of Bias or Motive to Lie**

The United States recognizes its obligation to provide information related to the bias, prejudice, or other motivation of witnesses called by the United States. The United States will provide such impeachment material in its possession, custody, or control, if it exists, at the time it files its trial brief or soon thereafter. At this time, the United States is unaware of a prospective witness who is biased or prejudiced against Defendant or has a motive to falsify or distort his or her testimony. If the United States has any doubt about the discoverability of information about a potential witness's bias or motive to lie, then it will submit such materials in camera for review by the Court in advance of trial.

**10.Evidence of Investigation of Any Government Witness**

The United States incorporates its response to the request above herein.

**11.Evidence Affecting Perception, Recollection, or Ability to Communicate**

The United States will produce evidence bearing on the credibility of testifying witnesses in its possession, custody, or control at the time it files its trial brief or soon thereafter.

**12.Jencks Act Material**

The United States has complied, and will continue to comply, with its obligations under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2. If the case proceeds to trial, the United States will produce any additional materials covered by the Jencks Act relevant to the testifying witness.

**13.*Giglio* Material**

The United States produced discovery and *Giglio* information pertaining to Defendant's suspected co-conspirators. At this time, the United States does not possess discovery about informants and cooperating witnesses. If this changes, the United States will produce such discovery in advance of trial.

**14.Scientific and Other Information**

The United States does not have responsive results or reports of scientific tests, examinations, or experiments under Federal Rule of Criminal Procedure 16(a)(1)(F) at this time. If this changes, the United States will comply with its discovery obligations and produce such results or reports to Defendant.

**15.Informants and Cooperating witnesses**

At this time, the United States does not possess discovery about informants and cooperating witnesses. If this changes, the United States will comply with its discovery obligations and produce such materials in advance of trial.

**16.Government Examination of Law Enforcement Personnel Files**

The United States has complied, and will continue to comply, with its obligations under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. *United States v. Booth*, 309 F.3d 566, 574 (9th Cir. 2002). If the United States is concerned if particular incriminating information in the personnel file is "material," it will submit that information to the Court for an in camera inspection and review. The United States objects to Defendant's improper request for personnel records in a *Pitchess* motion.

**17.Any Prior Criminal Record**

The United States produced Defendant's RAP sheet in discovery under Federal Rule of Criminal Procedure 16(a)(1)(D). The United States will also give notice and disclose any underlying documents or material that it intends to introduce at trial under Federal Rules of Evidence 404(b) and 608(b).

**18.Residual Request**

The United States objects to Defendant's "residual request." The United States has and will continue to comply with its discovery obligations.

## IV. THE COURT SHOULD DENY DEFENDANT LEAVE TO FILE FURTHER MOTIONS UNLESS BASED ON NEWLY DISCOVERED EVIDENCE OR DISCOVERY PRODUCED AFTER THE DATE OF THIS FILING

As to Defendant's motion for leave to file further motions, the United States does not oppose the request so long as further motions are based on newly discovery evidence or discovery produced after the date of this filing.

## V. UNITED STATES' MOTIONS

### A. MOTION FOR RECIPROCAL DISCOVERY

The discovery to be provided in this case, pending a protective order, includes documents and objects which are discoverable under Rule 16(a)(l)(E). The defendant has requested the production of this evidence. Consequently, the United States is entitled to discovery from the defendant any books, documents, data, photographs, tangible objects, buildings, or places, or copies or portions of any of these items, that are in the defendant's possession, custody, or control and which the defendant intends to use in the defendant's case in chief. *See* Fed. R. Crim. P. 16(b)(1)(A).

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and scientific tests or experiments made in connection with this case, which are in the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial, or which were prepared by a person whom the defendant intends to call as a witness. Because the United States will comply with the defendant's requests for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to

which it is entitled. Rule 26.2 requires the production of prior statements of all witnesses, except the defendant's statements. The rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that the defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including, but not limited to, take recordings, handwritten or typed notes, or reports.

**B. MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

The United States respectfully requests the opportunity to file further motions should new information or legal issues arise.

**VI. <u>CONCLUSION</u>**

The United States will continue to meet its discovery obligations and preserve relevant and seized evidence and Jencks material as specified above.

DATE: July 17, 2026

Respectfully submitted,

ADAM GORDON
United States Attorney

*<u>/s Blanca Quintero</u>*
BLANCA QUINTERO
Assistant U.S. Attorney