UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br>BLANCA CARDENAS et al.,<br>Defendants. | Case No. 26-CR-02236-AGS<br><br>ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER |

Pending before the Court is the parties' joint motion for protective order. (ECF No. 28). Pursuant to the joint motion of the parties, Federal Rule of Criminal Procedure 16(d)(1), and General Order No. 514 of the United States District Court for the Southern District of California ("General Order No. 514") pertaining to privacy matters, it is hereby **ORDERED** as follows:

1. The United States is authorized to disclosure of grand jury matters to each defense team (co-counsel, paralegals, investigators, litigation support personnel, the defendant, experts, and secretarial staff), "preliminarily to or in connection with a judicial proceeding" pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i).

2. Discovery produced by the United States in this case be used by the defense team solely in this case, for investigation, litigation of motions, preparing for trial, trial,

and any appeals, and for no other purpose, including civil actions, regulatory proceedings, or other criminal cases.

3. The defense team shall be prohibited from distributing, disseminating, disclosing or exhibiting discovery materials to any person who is not a part of that defense team for any purpose other than preparing a defense of this case; including, unless such material is already a matter of public record, to representatives of the media or other third parties not involved in any way in the investigation or prosecution of the case.

4. The defense team shall take all reasonable steps to: (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery produced in this case from disclosure to or review by any third party.

5. Pleadings filed during the investigation of this matter are unsealed, for the limited purpose of providing them to defense in discovery.

6. The defense team may show witnesses discovery materials as necessary for the preparation of the defense, but shall not to give copies of the materials to witnesses absent further order of the Court.

7. To the extent that the any of the above-referenced criminal discovery materials contain any individual's personal information, within the meaning of General Order 514, or individually identifiable health information, within the meaning of HIPAA, parties must redact any public filing to prevent public disclosure of such information.

8. If defense counsel withdraws or is disqualified from participation in this case, the defense team shall return any discovery produced pursuant to the Protective Order to the United States within 10 days.

9. The defense team shall return any and all copies of the discovery to the United States within 90 days of the conclusion of the proceedings in the above referenced case, including any appeal.

10. Each counsel of record shall: sign and file a copy of this Protective Order, acknowledging its terms and agreeing to comply with them; ensure that every member of his/her defense team is advised of the Order and agrees in writing to be bound by its terms; and maintain orders signed by each member of the defense team before giving that individual access to the discovery.

**IT IS SO ORDERED**

Dated: 7/14/2026

Honorable Andrew G. Schopler
United States District Court

**ACKNOWLEDGEMENT**

I have reviewed the foregoing protective order and agree to be bound by its terms.

DATED: ____________________ SIGNED: ______________________________

NAME: ______________________________

FOR DEFENDANT: ___________________

DATED: ____________________ SIGNED: ______________________________

NAME: ______________________________

FOR DEFENDANT: ___________________