ADAM GORDON
United States Attorney
BLANCA QUINTERO
Assistant United States Attorney
California Bar No. 196889
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7118
Email: Blanca.Quintero2@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

BLANCA CARDENAS (1),
aka Blanca Cardenes,
aka Blanca Cesena,
aka Blanca Lopez,
aka Blanca E. Cardenas,
aka Blanca Estela Cesena Vargas,
aka Blanca Estela Cesena,
aka Blanca Estela Lopez,
RAQUEL PASILLAS (2),
aka Raquel Cardenas,

Defendants.

Case No.: 26-CR-02236-AGS

**JOINT MOTION TO CONTINUE MOTION HEARING/TRIAL SETTING HEARING**

Date: July 24, 2026
Time: 2:00 p.m.

**The Honorable Andrew G. Schopler**

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, ADAM GORDON, United States Attorney, and Blanca Quintero, Assistant United States Attorney, defendant Blanca Cardenas, by and through her attorney, Cindy Muro, and defendant Raquel Pasillas, by and through her attorney Gerard J. Wasson, by and through her attorney, hereby jointly move to continue the Motion Hearing Trial Setting currently scheduled for 2 p.m. on July 24, 2026, to August 28, 2026, at 2:00 p.m., and to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

Section 3161(h) excludes certain periods of time in calculating the 70 days. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth … either orally or in writing, its reasons" for the finding. Id. The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> …
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

U.S.C. § 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." U.S.C. § 3161(h)(7)(C).

The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial, for the following reasons:

a. This is the first request to continue the Motion Hearing Trial Setting in this matter. The parties filed a Joint Motion for a Protective Oder on July 6, 2026. (ECF 28). The Court granted the parties' Joint Motion for a Protective Order on July 22, 2026. (ECF 36).

b. On that same day, July 22, 2026, the United States produced its first round of discovery to the defendants. Therefore, defense needs additional time to review the produced discovery.

c. Both parties have filed discovery motions that require a ruling by the court.

c. The parties seek to continue the hearing for less than one month.

d. The parties have exercised due diligence. For reasons above, failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice.

The parties therefore jointly move for a continuance and to exclude time under the Speedy Trial Act. The parties agree the period of delay excluded spans from the filing of this joint motion, U.S.C. § 3161(h)(1)(D), until the new date for the hearing.

DATED: July 23, 2026

Respectfully submitted,

ADAM GORDON
United States Attorney

*/s Blanca Quintero*
BLANCA QUINTERO
Assistant U.S. Attorney

*/s/ Cindy Muro [email authorization]*
CINDY MURO
Attorney for Defendant Blanca Cardenas

*/s/ Gerard J. Wasson [verbal authorization]*
GERARD J. WASSON
Attorney for Defendant Raquel Pasillas