**Cindy V. Muro**
California Bar No. 335391
**Federal Defenders of San Diego, Inc.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Cindy_Muro@fd.org

Attorneys for Blanca Cardenas

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HONORABLE STEVE B. CHU)**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**BLANCA CARDENAS,**<br>Defendant. | Case No: 26-cr-02236-AGS-1<br><br>**MOTION TO RECONSIDER DETENTION ORDER** |

Ms. Cardenas respectfully requests that this court revoke its detention order and set conditions for his release on bond. Ms. Cardenas is asking for a $30,000[1] personal appearance bond signed by one financially responsible and related adult with a ten percent cash deposit and location monitoring. Should this Court grant Ms. Cardenas' bond, her United States Citizen son, Ernesto Cardenas, would be willing to sign as a surety for Ms. Cardenas. These conditions would reasonably assure her appearance,

[1] The Bail Reform Act's purpose is to provide flexibility and prohibit using high financial conditions to detain. *See U.S. v. Orta,* 760 F.2d 887 (9th Cir. 1985). Ernesto's annual salary is about $30,000. He has additional assets including a car, motorcycle, and liquid assets.

making her release appropriate under the Bail Reform Act. 18 U.S.C. § 3142.

## I. PROCEDURAL BACKGROUND

Ms. Cardenas is present before the Court on an indictment charging her with conspiracy to commit healthcare fraud in violation of 18 U.S.C. 1347 & 1349. Dkt. No. 1. She made her initial appearance before the Court on June 15, 2026. Dkt. No. 12. There, the government moved to detain Ms. Cardenas on the basis of risk of flight. *Id.* The Court held the detention hearing on June 18, 2026, where the Court granted the government's motion to detain Ms. Cardenas. Dkt. No. 20. The Court issued its order of detention in this matter on the same day. Dkt. No. 26.

Undersigned counsel has received more information regarding Ms. Cardenas' history and characteristics. This motion follows.

## II. LEGAL STANDARD

Under the Bail Reform Act, "[t]he Government must establish the risk of flight by a clear preponderance of the evidence" and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future hearings if released on bond. *United States v. Motamendi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985). When deciding whether conditions exist that would reasonably assure the person's appearance and the safety of the community, the Court should consider the factors set forth in 18 U.S.C. § 3142(g).

## III. THE FACTORS SET FORTH IN 18 U.S.C. § 3142(g) WEIGH IN FAVOR OF SETTING CONDITIONS OF RELEASE FOR MS. CARDENAS.

In its order of detention, the court noted the following reasons for Ms. Cardenas' detention: (i)nature and circumstances of the offense, (ii) subject to lengthy period of incarceration if convicted, (iii) the defendant has a prior criminal history, (iv) on probation, parole, or supervision during the current offense/arrest, (v) dishonest conduct, false statements, or fraud. Dkt. No. 26. There were twenty-six possible reasons listed on the Court's detention order and only five out of twenty-six

boxes were checked off as reasons for detention. In other words, there were twenty-one reasons that weighted *in favor of release.*

**A. Ms. Cardenas has significant ties to the United States.**

Ms. Cardenas grew up in San Diego County. She was about 4 years old when she immigrated to the United States. She has lived in California here almost her entire life. She graduated from Point Loma High School in 1989. The following year, she obtained a certification in microcomputer technology from Associated Technical College in San Diego. In the early 2000's, she went back to school and obtained her Bachelor of Science degree in nursing from Loma Linda University in 2007. Two years later, she earned her master's degree in nursing from Cal State University Long Beach. Finally, in 2011, she obtained her Doctorate degree in nursing from Brandman University in Irvine, California.

Ms. Cardenas is also the mother of Raquel Pasillas (co-defendant) and Ernesto Cardenas (proposed surety). She raised them mostly in San Diego county but also spent a few years raising them in Victorville, California. Ms. Cardenas' only sibling, her half-brother, lives in Chula Vista.

**B. The Court's concern with the period of incarceration Ms. Cardenas is facing should be viewed, at the very least, as a neutral factor.**

By the government's own estimations, Ms. Cardenas would be facing a guideline range of 57-71 with acceptance of responsibility. Exh. A, detention hearing transcript at 3:23-34. Every person charged with a felony is facing serious charges. It is not uncommon for magistrate courts to grant bonds in cases where the accused is facing 10-year mandatory minimum sentences. Therefore, although Ms. Cardenas does not dispute that the charges she faces are serious that could lead to a lengthy period of incarceration, this is a factor that is common in almost every case before this court, including in the case of the co-defendant who was granted bond. Accordingly, this factor should be viewed as neutral when weighing the 3142(g) factors.

**C. The Court's concern with Ms. Cardenas' criminal history does not outweigh the factors in favor of release.**

Ms. Cardenas has a single prior conviction that scores—her 2024 conviction for bulk cash smuggling where she received a sentence of twelve months and one day. This conviction is two points which place her in criminal history category II. Although she does not dispute her conviction, her conduct while on pretrial supervision in that case demonstrates her ability to abide by conditions of release and judicial orders. There, she was arrested in April 2023 and was sentenced in March 2024. She was on pretrial supervision for just short of one year. During that year, the pretrial services office did not file any petitions of noncompliance against Ms. Cardenas despite the initial charges having a guideline range of 70-87 months (higher than the current range she is facing) prior to any departures. She did not have any failures to appear because she appeared at all her hearings. Ms. Cardenas also timely self-surrendered to her designated prison to serve her custodial sanction.

While on supervised release, she did not have any allegations of noncompliance. In fact, her probation officer indicated that her level of compliance prompted him to move Ms. Cardenas to the "low risk unit" which would allow her more discretion when traveling without needing the permission from her officer. Dkt. No. 19 at 4.

**D. The Court's concern with Ms. Cardenas being on supervision during the current offense/arrest does not outweigh the factors of release.**

The conduct alleged in the complaint is alleged to have occurred specifically between April 2024 and October 2024. During those six months, Ms. Cardenas was in the custody of the Bureau of Prisons, which is also alleged in the complaint. Ms. Cardenas self-surrendered to Victorville Federal Correctional Institution in April 2024 and she was released from custody on October 28, 2024. Thus, Ms. Cardenas did not commence her supervised release until she was released from custody and *after* the conduct alleged in the instant case occurred.

At the detention hearing there was some discussion about whether

Ms. Cardenas would face violation proceedings in case number 23CR0948-BAS due to the conduct alleged in the indictment here. This was prompted by the pretrial services bail review packet which indicted that the pretrial services officer spoke with Ms. Cardenas' probation officer, Michael Cortez, who indicated "Probation will be initiating violation proceedings." Dkt. No. 19 at 4.

Undersigned counsel spoke with Probation Officer Cortez on July 27, 2026. He confirmed that he made that statement to the pretrial services office but at the time that he did, he did not have information in the indictment. Since then, he received the indictment and reviewed the dates that the conduct is alleged to have occurred. Upon his review of the dates, he confirmed that Probation will *not* be seeking violation proceedings because the conduct predated the commencement of Ms. Cardenas' supervision. As such, the probation office would not have jurisdiction.

Ms. Cardenas was nevertheless arrested while on supervised release. However, this factor should weigh in favor of release because she has demonstrated an ability to remain in compliance after the alleged conduct occurred and while being supervised. Even more importantly, when the government executed the search warrant on her home, Ms. Cardenas learned that the agents arrested her daughter and that there was a warrant for her arrest, too. At the time, Ms. Cardenas was in Mexico. She immediately contacted her probation officer. She also made the conscious decision to purchase a plane ticket to return to the United States that same day.

Had Ms. Cardenas been a flight risk, she would not have reported the arrest warrant to her probation officer. She would not have purchased a plane ticket home. She would not have turned herself in at the border. She had the choice of avoiding criminal prosecution by remaining in Mexico or return home on the soonest available flight that same day. She chose the latter. This, above all, demonstrated she is *not* a flight risk at all. When faced with the greatest opportunity to flee she declined it. Notably, a study conducted in 2019 demonstrated that 99% of released federal defendants nationwide appeared for court as required. *See Judicial Business: Federal*

*Pretrial Services Tables,* Admin. Off. U.S. Courts, Table H-15 (Dec. 31, 2019), archived at https://perma.cc/LYG4-AX4H.

**E. The Court's concern with the charge involving dishonest conduct, false statements, or fraud does not outweigh the factors of release.**

Ms. Cardenas is charged with healthcare fraud. The fact that the charge is alleged to have involved dishonest conduct, false statements or fraud goes to the wight of the evidence which the court may consider. The weigh of the evidence, however, is the least important factor in the 3142(g) analysis. *See United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1986).

## IV. Conclusion

For these reasons, Ms. Cardenas respectfully requests that this court grant bond in the amount of a $30,000 personal appearance bond signed by one financially responsible and related adult, a ten percent cash deposit, and location monitoring.

Respectfully submitted,

Dated: July 29, 2026

*s/ Cindy V. Muro*
**Cindy V. Muro**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Cardenas